**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| AJ BROWN, an Individual, <br><br> Plaintiff, <br><br> vs. <br><br> CONNOR CASTLEMAN, an individual, and CC ENTERPRISES GLOBAL LLC, DBA C&C CONSULTING, a Texas limited liability company, <br><br><br> Defendants. | CASE NO.8:26-cv-1520 <br><br> **COMPLAINT – CIVIL ACTION:** <br> (1) DECLARATORY JUDGMENT <br> (2) BREACH OF CONTRACT <br> (3) PROMISSORY ESTOPPEL <br> (4) BREACH OF FIDUCIARY DUTY <br> (5) UNJUST ENRICHMENT <br> (6) ACCOUNTING <br> (7) INJUNCTIVE RELIEF / CONSTRUCTIVE TRUST <br> (8) FRAUDULENT INDUCEMENT <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff AJ BROWN (hereinafter referred to as the "Plaintiff",) by and through his undersigned counsel, sues Defendants Connor Castleman (hereinafter referred to as "Defendant Castleman") and CC Enterprises Global LLC DBA C & C Consulting (hereinafter referred to as "Defendant CC", with Defendant Castleman and Defendant CC collectively referred to as the "Defendants", and with Defendants and Plaintiff collectively referred to as the "Parties"), and alleges as follows:

**AJ BROWN v. CONNOR CASTLEMAN, *et al.***
Complaint and Demand for Jury Trial
PazLaw® - Counsel for Plaintiff
*Page 1 of 17 Pages*

## PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff is a natural person domiciled in Hillsborough County, Florida, and is therefore a citizen of the State of Florida for purposes of diversity jurisdiction.

2.      Defendant Castleman is a natural person domiciled in the State of Texas and is therefore a citizen of the State of Texas for purposes of diversity jurisdiction.

3.      Defendant CC is a limited liability company organized under the laws of the State of Texas, with its sole listed member as Defendant Castleman.

4.      Accordingly, Defendant CC is a citizen of the State of Texas for purposes of diversity jurisdiction.

5.      Upon information and belief, no listed member of Defendant CC is a citizen of the State of Florida.

6.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because the action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7.      The amount in controversy exceeds $75,000 because:

      a.  Plaintiff seeks unpaid profit distributions and ownership-based revenue;

---

**AJ BROWN v. CONNOR CASTLEMAN,** *et al.*
Complaint and Demand for Jury Trial
PazLaw® - Counsel for Plaintiff
*Page 2 of 17 Pages*

b. Plaintiff seeks equitable relief including accounting and constructive trust over identifiable funds, including payments exceeding $100,000; *and*

c. Plaintiff seeks damages arising from breach of contract, unjust enrichment, and related claims.

8. Personal jurisdiction exists because Defendants:

a. Entered into a continuous business relationship with a citizen and resident of the State of Florida;

b. Directed extensive communications (calls, texts, emails) into the State of Florida;

c. Sent and received funds connected to the State of Florida;

d. Benefited from business operations performed in the State of Florida; *and*

e. Purposefully availed themselves of conducting business in Florida.

9. Venue is proper in this District because a substantial portion of Plaintiff's performance and resulting damages occurred within this District.

**AJ BROWN v. CONNOR CASTLEMAN,** *et al.*
Complaint and Demand for Jury Trial
PazLaw® - Counsel for Plaintiff
*Page 3 of 17 Pages*

GENERAL FACTUAL ALLEGATIONS

*Formation and Partnership by Conduct*

10.    Beginning in late 2022 through 2025, Plaintiff and Defendant Castleman began working together in connection with Employee Retention Tax Credits[1] (hereinafter referred to as the "ERTC")-related referral and consulting business operations.

11.    Defendant Castleman proposed that Plaintiff become a **co-owner and equal partner**[2] in the business conducted through Defendant CC.

12.    Plaintiff agreed and, in reliance on these representations, Plaintiff:

> a.  Contributed capital;
>
> b.  Performed business development;
>
> c.  Generated and maintained referral relationships; *and*
>
> d.  Participated in operations and strategic decision-making.

---

[1]    "The Employee Retention Credit (ERC) – sometimes called the Employee Retention Tax Credit or ERTC – is a refundable tax credit for certain eligible businesses and tax-exempt organizations that had employees and were affected during the COVID-19 pandemic. The requirements are different depending on the time period for which you claim the credit. The ERC is not available to individuals."
*Source:* https://www.irs.gov/coronavirus/employee-retention-credit

[2]    The titles of a "co-owner," "co-partner", "equal partner," and "co-founder" were used interchangeably by the Defendants to reference Plaintiff in numerous written and verbal communications with third parties, including in written agreements between Defendant CC and third parties.

**AJ BROWN v. CONNOR CASTLEMAN,** *et al.*
Complaint and Demand for Jury Trial
PazLaw® - Counsel for Plaintiff
*Page 4 of 17 Pages*

13.     The Parties operated as equal partners and/or joint venturers, including:

      a.  Shared operational control;

      b.  Joint participation in meetings;

      c.  Collaborative decision-making; *and*

      d.  Discussions and execution of profit sharing.

*Representation to Third Parties*

14.     Plaintiff and Defendant Castleman entered into multiple written agreements as "co-partners", including, for example, with Posterity Legal Services, LLC, a Missouri limited liability company. A true and correct copy of the "**Client Services Agreement**" (hereinafter referred to as the "PLS Agreement") between Posterity Legal services, LLC (hereinafter referred to as "PLS") and Defendant CC, which identifies Plaintiff and Defendant Castleman as Defendant CC's "co-partners", is attached hereto as "***Exhibit A***" and is incorporated herein by reference.

15.     There is nothing in the PLS Agreement that suggests, implies or in any manner distinguishes any difference between Plaintiff and Defendant Castleman as co-partners.

16.     Plaintiff was consistently held out in this manner to third parties as a co-partner or co-owner with Defendant Castleman of Defendant CC.

**AJ BROWN v. CONNOR CASTLEMAN, *et al.***
Complaint and Demand for Jury Trial
PazLaw® - Counsel for Plaintiff
*Page 5 of 17 Pages*

*Revenue and Payments*

17.    Defendant CC generated substantial revenue through ERTC-related referral activities, which is estimated to be over $3,000,000.00 due to Defendant CC.

18.    Plaintiff received multiple payments from Defendant CC to Plaintiff in the State of Florida, consistent with a profit-sharing arrangement, including ACH deposits and transfers, as well as business activities conducted from the State of Florida.

19.    Defendant Castleman had exclusive control over Defendant CC's bank accounts, payment processing systems, and financial records, and Plaintiff had no independent access to verify revenues or distributions.

*Freeze Out*

20.    After Defendant CC began generating substantial revenue, Defendant Castleman unilaterally reversed course and denied Plaintiff's ownership interest. This reversal occurred after substantial revenue had been generated and after Plaintiff had already performed his obligations and contributed value to Defendant CC.

21.    Specifically, Defendant Castleman:

      a.    Refused to provide Plaintiff his share of profits;

      b.    Denied Plaintiff access to financial records;

**AJ BROWN v. CONNOR CASTLEMAN,** *et al.*
Complaint and Demand for Jury Trial
PazLaw® - Counsel for Plaintiff
*Page 6 of 17 Pages*

c.  Asserted Plaintiff was not a member;

d.  Continued to operate Defendant CC and collect revenue.[3]

*Segregated Disputed Funds*

22.    Defendant Castleman admitted in writing that certain funds are disputed, and that he had segregated such funds pending resolution. A true and correct copy of a letter containing Defendant Castleman's admission is attached hereto as "***Exhibit C***" and is incorporated herein by reference.

23.    Defendant Castleman's admission confirms the existence of:

a.  Identifiable disputed funds;

b.  A financial controversy; *and*

c.  The need for judicial oversight and accounting.

24.    Defendant Castleman's simultaneous denial of Plaintiff's ownership interest (***Exhibit B***) and admission that funds are disputed and segregated (***Exhibit C***) demonstrates that Defendants unequivocally acknowledged a financial dispute concerning funds derived from the Parties' joint efforts.

---

[3]    Despite no separation agreement, sale, assignment, transfer, or abandonment of Plaintiff's equity interest in Defendant CC, Defendant Castleman expressly stated that Plaintiff "is not a member of [Defendant CC] and is not an assignee of any membership interest. Those records do not reflect any issuance, assignment, consent, admission, joinder, or other instrument conferring membership or assignee status on [Plaintiff]." A true and correct copy of a letter from Defendant Castleman is attached hereto as "***Exhibit B***" and is incorporated herein by reference.

**AJ BROWN v. CONNOR CASTLEMAN,** *et al.*
Complaint and Demand for Jury Trial
PazLaw® - Counsel for Plaintiff
*Page 7 of 17 Pages*

*Damages*

25.    As a direct result of Defendants' actions, Plaintiff has suffered damages exceeding $75,000.

## COUNT I
### DECLARATORY JUDGMENT
(*As Against Both Defendants*)

26.    Plaintiff realleges Paragraphs 1–24, inclusive of all footnotes, as if fully restated herein.

27.    An actual controversy exists between the Plaintiff and Defendants regarding Plaintiff's rights in Defendant CC, including Plaintiff's rights to money paid to Defendant CC from any source.

28.    Plaintiff asserts that he is entitled to membership and/or ownership rights in Defendant CC based upon, *inter alia*, the written and verbal agreements and conduct of Plaintiff and Defendant Castleman, as well as numerous representations to third parties that Plaintiff is a "co-partner" with Defendant Castleman in Defendant CC. An example of such representation is attached hereto as *Exhibit A*.

29.    Defendant Castleman denies Plaintiff's interest in Defendant CC.[4]

---

[4] *See* **Exhibit B**

**AJ BROWN v. CONNOR CASTLEMAN,** *et al.*
Complaint and Demand for Jury Trial
PazLaw® - Counsel for Plaintiff
*Page 8 of 17 Pages*

30.    Plaintiff seeks a declaration that he is entitled to rights in Defendant CC under one (1) or more of the following theories, in which that Plaintiff is definitively found to be:

   a.  a Member of Defendant CC;

   b.  an Equitable Owner of Defendant CC;

   c.  a Joint Venturer with Defendant Castleman in Defendant CC;

   d.  a Partner by Estoppel in the Defendant CC; *and/or*

   e.  a Profit-sharing Co-Owner or Co-Partner of Defendant CC.

   **WHEREFORE**, Plaintiff requests declaratory relief.

## COUNT II
BREACH OF CONTRACT
(*As Against Castleman*)

31.    Plaintiff realleges Paragraphs 1–24, inclusive of all footnotes, as if fully restated herein.

32.    Defendant Castleman entered into an agreement (hereinafter referred to as the "Equity Agreement"), oral, written and implied, with Plaintiff, providing for:

   a.  Ownership interest in Defendant CC;

   b.  Profit-sharing from revenue received by Defendant CC;

   c.  Compensation for Plaintiff; *and*

**AJ BROWN v. CONNOR CASTLEMAN,** *et al.*
Complaint and Demand for Jury Trial
PazLaw® - Counsel for Plaintiff
*Page 9 of 17 Pages*

d. A 50/50 division of net profits or substantially equal profit participation in Defendant CC.

33. Plaintiff performed his obligations.

34. Defendant Castleman materially breached the Equity Agreement by refusing and/or denying membership in Defendant CC; withholding compensation due to Plaintiff; and excluding Plaintiff from the operations of Defendant CC.

35. As a direct result of Defendant Castleman's actions, Plaintiff has suffered damages exceeding $1,500,000.00, exclusive of attorney's fees, costs and expenses.

**WHEREFORE**, Plaintiff demands judgment in his favor, and an award of at least $1,500,000.00 in damages, and all relief deemed proper.

## COUNT III
### PROMISSORY ESTOPPEL
(*As Against Castleman*)

36. Plaintiff realleges Paragraphs 1–24, inclusive of all footnotes, as if fully restated herein.

37. Defendant Castleman promised Plaintiff an equal ownership interest in Defendant CC and profit participation (hereinafter referred to as the "Binding Promises".)

**AJ BROWN v. CONNOR CASTLEMAN,** *et al.*
Complaint and Demand for Jury Trial
PazLaw® - Counsel for Plaintiff
*Page 10 of 17 Pages*

38.    Defendant Castleman intended for Plaintiff to rely and act on the Binding Promises.

39.    Plaintiff reasonably relied on the Binding Promises.

40.    Plaintiff invested capital in Defendant CC and performed services for Defendant CC based on the Binding Promises.

41.    It would be unjust to allow Defendant Castleman to retain the benefits of Plaintiff's investment and service contributions to Defendant CC without compensation.

WHEREFORE, Plaintiff demands judgment in his favor, and against Defendant Castleman, and all relief deemed proper.

## COUNT IV
### BREACH OF FIDUCIARY DUTY
(*As Against Castleman*)

42.    Plaintiff realleges Paragraphs 1–24, inclusive of all footnotes, as if fully restated herein.

43.    As expressly acknowledged on the signature page of the PLS Agreement, Defendant Castleman and Plaintiff were each a "co-partner" of Defendant CC.

44.    A fiduciary relationship existed between Defendant Castleman and Plaintiff based on, *inter alia*, joint venture, partnership by conduct, and/or co-ownership.

**AJ BROWN v. CONNOR CASTLEMAN, *et al.***
Complaint and Demand for Jury Trial
PazLaw® - Counsel for Plaintiff
*Page 11 of 17 Pages*

45. Defendant Castleman breached his fiduciary duties to Plaintiff by:

    a. excluding Plaintiff;

    b. withholding profits;

    c. exercising unilateral control; and

    d. self-dealing.

**WHEREFORE**, Plaintiff demands judgment in his favor, and against Defendant Castleman, and seeks damages and all relief deemed proper.

<u>**COUNT V**</u>
UNJUST ENRICHMENT
(*As Against Both Defendants*)

47. Plaintiff realleges Paragraphs 1–24, inclusive of all footnotes, as if fully restated herein.

48. Plaintiff conferred benefits upon Defendants, including capital, referrals, and services.

49. Defendants knowingly accepted these benefits.

50. Retention of these benefits without payment from Defendants to Plaintiff would be inequitable.

**WHEREFORE**, Plaintiff demands judgment in his favor, and against Defendants, and seeks restitution and all relief deemed proper.

**AJ BROWN v. CONNOR CASTLEMAN,** *et al.*
Complaint and Demand for Jury Trial
PazLaw® - Counsel for Plaintiff
*Page 12 of 17 Pages*

## COUNT VI
ACCOUNTING
(*As Against Both Defendants*)

51.   Plaintiff realleges Paragraphs 1–24, inclusive of all footnotes, as if fully restated herein.

52.   Defendants exclusively possess financial information relating to the Company.

53.   The financial transactions are complex.

54.   Plaintiff cannot determine amounts owed to him without Court intervention.

**WHEREFORE**, Plaintiff demands judgment in his favor, and against Defendants, and seeks an accounting.

## COUNT VII
INJUNCTIVE RELIEF / CONSTRUCTIVE TRUST
(*As Against Both Defendants*)

55.   Plaintiff realleges Paragraphs 1–24, inclusive of all footnotes, as if fully restated herein.

56.   Defendants exclusively control identifiable funds derived from Defendant CC.

**AJ BROWN v. CONNOR CASTLEMAN,** *et al.*
Complaint and Demand for Jury Trial
PazLaw® - Counsel for Plaintiff
*Page 13 of 17 Pages*

57. Defendant Castleman has acknowledged that certain funds are disputed and segregated.[5]

58. Defendant Castleman's unilateral designation of funds as "disputed" without disclosure or verification necessitates judicial oversight.

59. Plaintiff therefore seeks:

    a. Identification of all bank and/or financial institution accounts containing disputed funds;

    b. Identification of all bank and/or financial institution accounts of Defendant Castleman and Defendant CC containing funds that Defendants allege are not disputed;

    c. Confirmation of segregation;

    d. Prohibition of transfer or dissipation;

    e. Accounting of all revenue streams;

    f. Deposit of disputed funds into escrow or the Court Registry;

    g. Imposition of a constructive trust.

60. Plaintiff acknowledges the bond requirement of Rule 65(c) and stands ready to provide security in an amount determined appropriate by the Court, although

---

[5] *See* **Exhibit C**

**AJ BROWN v. CONNOR CASTLEMAN, *et al.***
Complaint and Demand for Jury Trial
PazLaw® - Counsel for Plaintiff
*Page 14 of 17 Pages*

Plaintiff submits that nominal security is appropriate because the requested relief preserves the status *quo* and does not impair Defendants' legitimate business operations.

**WHEREFORE**, Plaintiff seeks equitable relief.

<u>**COUNT VIII**</u>
FRAUDULENT INDUCEMENT
(*As Against Castleman*)

61.  Plaintiff realleges Paragraphs 1–24, inclusive of all footnotes, as if fully restated herein.

62.  Defendant Castleman represented to Plaintiff that he would receive equal ownership and profits in Defendant CC.

63.  Defendant Castleman made these representations repeatedly between approximately March 2024 and October 2025, including through text messages, phone calls, and written agreements with third parties, including but not limited to the PLS Agreement, in which Plaintiff was identified as a "Co-Partner." At the time these representations were made, Defendant Castleman knew or should have known that he did not intend to recognize Plaintiff's ownership interest once revenue was realized.

**AJ BROWN v. CONNOR CASTLEMAN,** *et al.*
Complaint and Demand for Jury Trial
PazLaw® - Counsel for Plaintiff
*Page 15 of 17 Pages*

64.     Defendant Castleman's representations were made to induce Plaintiff's participation, both in capital and services.

65.     Defendant Castleman knew or should have known that the representations were false.

66.     Plaintiff relied on Defendant Castleman's representations and suffered damages.

67.     Defendant Castleman's conduct was intentional, malicious, and in conscious disregard of Plaintiff's rights.

**WHEREFORE**, Plaintiff demands judgment against Defendant Castleman for compensatory damages, punitive damages as permitted by law, pre-judgment interest, costs, and such other relief as the Court deems just and proper.

### JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated: May 20, 2026

Respectfully submitted,
*/s/ M. Vincent Pazienza*
M. Vincent Pazienza, Esq.
Florida Bar Nᵒ·: 0096479 / Member of the Court's Bar, USDC/MDFL
**PazLaw®, PLLC**, *Counsel for Plaintiff AJ Brown*
23110 State Road 54, #277, Lutz, Florida 33549-6933
Tel: (813) 949-9595 - Fax: (813) 949-8686
Primary e-mail:          Vincent@PazLaw.com
Secondary e-mail:        SP2601@PazLex.com

**AJ BROWN v. CONNOR CASTLEMAN, *et al.***
Complaint and Demand for Jury Trial
PazLaw® - Counsel for Plaintiff
*Page 16 of 17 Pages*

## LIST OF EXHIBITS

Exhibit A – PLS Agreement

Exhibit B – Castleman Denial Letter

Exhibit C – Segregated Funds Letter

**AJ BROWN v. CONNOR CASTLEMAN,** *et al.*
Complaint and Demand for Jury Trial
PazLaw® - Counsel for Plaintiff
*Page 17 of 17 Pages*